UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| COURTNEY GREEN,<br><br>    Plaintiff,<br> v.<br><br>LIEUTENANT TAVERNIER and<br>CORRECTION OFFICER TUGGLE,<br><br>    Defendants. | CASE NO. 3:18-cv-1781 (CSH)<br><br><br><br>SEPTEMBER 10, 2019 |

## RULING ON PLAINTIFF'S MOTION TO REVISE PLRA DEDUCTIONS

**HAIGHT, Senior District Judge:**

Plaintiff Courtney Green, currently incarcerated at Osborn Correctional Institution in Somers, Connecticut, has filed a motion asking the Court to change the way the Department of Correction withholds money from deposits to his inmate account to pay district court and court of appeals filing fees. *See* Doc. 12. Plaintiff has five civil rights cases currently pending in federal court. *See id.*

When an inmate is granted leave to proceed *in forma pauperis*, he is required under federal law to pay the entire filing fee. *See* 28 U.S.C. § 1915(b)(1) ("[[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."). *In forma pauperis* status only relieves the inmate of prepayment of the fee; he must still make monthly payments of 20% of the preceding month's income until the filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(2).

If an inmate has more than one case, the statute does not specify whether a fee should be allocated simultaneously, each month for every case, or sequentially, for one case at a time. In 2016, the Supreme Court resolved this question. In *Bruce v. Samuels*, ___ U.S. ___, 136 S. Ct.

627 (2016), the Supreme Court held that section 1915(b)(1) requires that filing fee obligations for multiple cases be assessed simultaneously, not sequentially. *Id.* at 632.

*Bruce* marked a change in practice for the Department of Correction, which had previously assessed fees sequentially. Post-*Bruce*, fees are now assessed simultaneously. Consequently, the Department of Correction allocates 80% of deposits to Plaintiff's inmate account from family and 100% of his prison income to payment of the filing fees for his five pending federal cases. *See* Doc. 12 ¶¶ 1, 3.

Plaintiff argues that the increased allocation renders him unable to purchase cosmetics, envelopes, or over-the-counter medications. The plaintiff in Bruce raised a similar argument, arguing that his ability to use his account to purchase amenities would be progressively curtailed if fees were assessed simultaneously. 136 S. Ct. at 631. The *Bruce* plaintiff also raised the fact that, if a prisoner filed more than five cases, there would be nothing left to pay the filing fee in the sixth case. The Supreme Court considered, and rejected, those arguments. *Id.* at 633 ("Bruce's extratextual points do not warrant a departure from the interpretation suggested by the text and context.").

The Department of Correction's actions are consistent with the Supreme Court's interpretation of the *in forma pauperis* statute. Accordingly, the plaintiff's motion to revise the PLRA deductions [Doc. 12] is **DENIED**.

It is **SO ORDERED**.

Dated: September 10, 2019
New Haven, CT

*/s/ Charles S. Haight, Jr.*
Charles S. Haight, Jr.
Senior United States District Judge